IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CR-14-D
No. 5:23-CV-358-D

| | |
|---|---|
| RODRIGUEZ CRUDUP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 29, 2023, Rodriguez Crudup ("Crudup" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 53]. On August 3, 2023, the government moved to dismiss Crudup's motion for failure to state a claim [D.E. 57] and filed a memorandum in support [D.E. 58]. See Fed. R. Civ. P. 12(b)(6). On August 7, 2023, the court notified Crudup of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 59]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 6, 2023, Crudup responded in opposition to the government's motion to dismiss [D.E. 60]. As explained below, the court grants the government's motion to dismiss and dismisses Crudup's section 2255 motion.

I.

On March 23, 2022, Crudup pleaded guilty to possession of a firearm by a convicted felon. See [D.E. 31, 49]. On June 22, 2022, the court held Crudup's sentencing hearing. See [D.E. 48]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and resolved Crudup's objections. See PSR [D.E. 36] ¶¶ 6–10; Sent. Tr. [D.E. 50] 5–6, 22–27; Fed. R. Crim. P.

32(i)(3)(A)–(B). Crudup's counsel objected that: (1) some of the aliases and alternative identifications applied to Crudup's brother; (2) Crudup denied the circumstances surrounding his possession and discharge of the firearm outlined in the Warren County Sheriff Office's reports; (3) U.S.S.G. §2K2.1 was the appropriate guideline to follow and a six level official victim increase under U.S.S.G. §3A1.2(c)(1) was not appropriate; and (4) the appropriate total offense level was 19, the appropriate criminal history category was IV, and the resulting guideline imprisonment range was 46 to 57 months. See PSR Add. The court overruled the objections. See Sent Tr. 5, 27. The court calculated Crudup's total offense level to be 36, his criminal history category to be IV, and his advisory guideline range to be 120 months' imprisonment because the statutory maximum was 120 months. See id. at 27. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Crudup to 120 months' imprisonment. See id. at 32–35. On July 8, 2022, Crudup appealed. See [D.E. 44]. On November 29, 2022, the United States Court of Appeals for the Fourth Circuit granted Crudup's motion to voluntarily dismiss his appeal and dismissed the appeal. See [D.E. 51].

On June 29, 2023, Crudup moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 53]. In Crudup's motion, he argues that the court lacked subject-matter jurisdiction to enter the sentence imposed in violation of the Tenth Amendment because his offense was not conducted in commerce or affecting commerce. See [D.E. 53-1] 5–6. The government moves to dismiss Crudup's motion for failure to state a claim upon which relief can be granted. See [D.E. 57].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Crudup did not raise his claim on direct appeal. Thus, the general rule of procedural default bars Crudup from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). Furthermore, Crudup has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged subject matter jurisdiction error of which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; Mikalajunas, 186 F.3d at 492–95 (4th Cir. 1999). In fact, at his Rule 11 hearing, Crudup did not

3

object to the factual basis that he possessed a firearm manufactured outside of North Carolina. See Rule 11 Tr. 20–23. Accordingly, Crudup has procedurally defaulted his claim.

Alternatively, the claim fails. The proffer at Crudup's Rule 11 hearing suffices for this court to have found that Crudup possessed the firearm "in or affecting commerce." See, e.g., United States v. Hill, 927 F.3d 188, 215 n.10 (4th Cir. 2019); United States v. Hobbs, 136 F.3d 384, 390–91 (4th Cir. 1998); United States v. Wells, 98 F.3d. 808, 810–11 (4th Cir. 1996).

After reviewing the claim presented in Crudup's motion, the court finds that reasonable jurists would not find the court's treatment of Crudup's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 57], DISMISSES petitioner's section 2255 motion [D.E. 53], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 23 day of October, 2023.

JAMES C. DEVER III
United States District Judge

4